UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | CIVIL NO. 5:18-207-KKC-MAS |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| KEVIN TOBERGTE and ANDREW HALL, | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's motion for partial summary judgment. Plaintiff Norfolk Southern Railway Company brought suit in this Court against Defendants Kevin Tobergte and Andrew Hall. (DE 1.) The Court denied Defendants' motions to dismiss, and the case proceeded to discovery. (DE 21; DE 24.) Defendant Hall filed the motion for partial summary judgment as to Count II of the Complaint. (DE 52.) For the reasons stated below, the Court denies Defendant's motion.

## Background

On March 18, 2018, two of Plaintiff's trains collided and derailed near Georgetown, Kentucky. (DE 52 at 2.) Defendants Tobergte and Hall were, respectively, the locomotive engineer and conductor on board southbound train No. 175, one of the trains involved in the collision. (DE 1 at 2; DE 52 at 2.) On April 5, 2018, Plaintiff filed a complaint in this Court, seeking "Liability for Damage to Plaintiff's Property" in Count I and "Indemnity for Third Party Property Damage" in Count II. (DE 1.) Count II alleges, in part, that "[a]s a direct and proximate result of Defendants' negligence, third parties sustained significant damages,

1

including but not limited to damages to the property of adjacent land owners, and damages to Plaintiff's customers in the form of lading and losses associated with delayed shipment of freight." (DE 1 at 4-5.) On December 10, 2018, the Court denied Defendants' motions to dismiss. (DE 21.)

On July 19, 2019, during the course of discovery, Plaintiff responded to Defendant Hall's Interrogatory No. 19[1] with the following: "Norfolk Southern will waive any claim to collection of Third Party Settlements as part of their suit against defendants." (DE 52-2 at 6.) In follow-up, counsel for Defendant Hall requested that Plaintiff either respond in substance to Interrogatory No. 19 or amend the complaint to reflect the apparent waiver. (DE 52 at 4.) Plaintiff's counsel responded on August 27, 2019, stating that Plaintiff "will waive any claim for collection of payments made to third parties in connection with this action" and that "because Norfolk Southern has stated in its written response to Interrogatory No. 19 that it expressly waives any claim for the collection of such payments in connection with this action, Norfolk Southern's response to Interrogatory No. 19 is complete." (DE 52 at 4.) Plaintiff did not amend the complaint.

On October 4, 2019, Defendant Hall filed a motion for partial summary judgment pursuant to FED. R. CIV. P. 56. (DE 52.) He argues that "it is undisputed that Norfolk Southern has waived 'any claim' seeking the recovery of third-party payments that Norfolk Southern has made in connection with the collision" against Defendant Hall and that "Defendant Hall is entitled to judgment as matter of law on Count II of the Complaint pursuant to his affirmative defense of waiver." (DE 52 at 1.)

---

[1] In Interrogatory No. 19, Defendant requested: "For each payment that the Plaintiff has made to a third party relating to property damage sustained in the collision, state the name and address of the person(s) issuing and approving such payment, payee, the form of the payment, the date of the payment, the amount of the payment and the specific property and damage giving rise to the payment." (DE 52-2 at 6.)

After Defendant Hall filed the motion for partial summary judgment, Plaintiff amended its response to Interrogatory No. 19, stating that –

> Norfolk Southern will waive any claim to collection of payments or settlements made to third party owners of *real property* whose land was allegedly damaged in connection with the collision in suit. Norfolk Southern will likewise waive any claim to collection of payments or settlements made to Norfolk Southern's customers in the form of *lading and losses* associated with delayed shipment of freight as a result of the collision in suit.
>
> Separate and apart from the above-described damages which have been or may be claimed by third parties, Norfolk Southern has paid certain settlements to third party owners of *rail equipment* damaged or destroyed in connection with the collision in suit. The amounts paid for destroyed rail equipment, the identity of the third parties to whom those settlements were made, and the specific property and damage giving rise to those settlements, are set forth in Exhibit 2 to the September 27, 2019 deposition of Christopher Shorts…

(DE 60-4 at 2 (emphasis added).)

## Analysis

### I. Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden and must identify "those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation and internal quotation marks omitted). All evidence, facts, and inferences must be viewed in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "In order to defeat a summary judgment motion… [t]he nonmoving party must provide more than a scintilla of evidence," or, in other words, "sufficient evidence to permit a reasonable jury to find in that party's favor." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 268 (6th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

**II. Discussion**

Waiver is the "voluntary relinquishment or abandonment – express or implied – of a legal right or advantage." *Waiver*, BLACK'S LAW DICTIONARY (11th ed. 2019). This concept operates in a variety of statutory and common law contexts. "The term *waiver* is one of those words of indefinite connotation in which our legal literature abounds; like a cloak, it covers a multitude of sins." *Id.* (quoting William R. Anson, *Principles of the Law of Contract* 419 (Arthur L. Corbin ed., 3d Am. ed. 1919)) (emphasis in original). Yet, none of the case law which Defendant Hall cites establishes that, as a matter of law, waiver can operate in the specific way that his motion envisions[2] – to empower this Court, pursuant to the Federal Rules of Civil Procedure, or some other appropriate authority, to strike a count from a plaintiff's complaint.

Defendant Hall was justifiably perplexed by Plaintiff's apparent waiver of third party claims in response to an interrogatory and its unwillingness to amend the complaint consistent therewith. In other words, Plaintiff appeared to say one thing and do another.

While Plaintiff's conduct is indeed contradictory and confusing, the record before the Court does not provide a sufficient basis for summary judgment and dismissal of a properly pleaded claim.

If Plaintiff wishes to amend is complaint (DE 60 at 8-9), it should do so by filing an appropriate motion in compliance with all applicable local and federal procedural rules.[3]

---

[2] *E.g., Harris Bros. Constr. Co. v. Crider*, 497 S.W.2d 731, 733 (Ky. 1973) ("waiver of the right to plead limitations"); *Edmondson v. Pa. Nat'l Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 755 (Ky. 1989) ("Waiver… as applied to contracts of insurance"); *Garmeada Coal Co. v. Int'l Union of United Mine Workers of America*, 122 F. Supp. 512, 516 (E.D. Ky. 1954) (whether "waiver was supported by an agreement founded upon a valuable consideration."); *Herndon v. Wingo*, 404 S.W.2d 453, 454 (Ky. 1966) ("waiver of jurisdiction"); *Vidal v. Commonwealth*, 2015-SC-000167-MR, 2017 WL 636417, at *9 (Ky. Feb. 16, 2017) (waiver as an unpreserved error on appeal).

[3] "A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. 2008); *see also Cox v. Blue Cross Blue Shield of Mich.*, 166 F. Supp. 3d 891,

4

Otherwise, as Joint Local Rule of Civil Practice 37.1 reflects, the Court will presume that the parties will work together in good faith to resolve any discovery related disputes.

### Conclusion

Accordingly, the Court hereby ORDERS that Defendant Hall's motion for partial summary judgment (DE 52) is DENIED. Recognizing that Defendant Hall may have suffered certain costs as a result of Plaintiff's confusing and inconsistent conduct, the Court will take under consideration any appropriate motion for sanctions, should one be filed.

Dated April 18, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

900 n.6 (E.D. Mich. Sept. 10, 2015) ("a request for leave to amend within a responsive brief is not sufficient to properly place the issue of amendment before a district court") (citing *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)).