# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
#### LEXINGTON

| | |
|---|---|
| **Norfolk Southern Railway Company,**<br><br>Plaintiff,<br><br>v.<br><br>**Kevin Tobergte and Andy Hall,**<br><br>Defendants. | Civil No. 5:18-207-KKC-MAS<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the parties' pretrial motions in limine [DEs 138–42, 152, 171]. Being fully briefed on the matters and having heard the arguments of counsel, for the reasons stated in the pretrial conference and in this order, the Court hereby ORDERS as follows:

(1) The Court shall reserve ruling on the parties' objections to exhibits and witnesses. The parties may make contemporaneous objections and the Court will resolve those objections with the benefit of the context of trial.

(2) The parties' motions [DE 138–42, 152, 171}] are **GRANTED IN PART** and **DENIED IN PART** in accordance with the tables below. During the course of trial, any party may approach the bench and ask the Court to reconsider any of the following motions if they believe circumstances have changed.

| NORFOLK SOUTHERN'S MOTIONS IN LIMINE [DE 171] ||
|---|---|
| **Motion** | **Ruling** |
| **1** *(DE 171 at 1–2)* | Norfolk Southern's motion to exclude evidence related to the Defendants' dismissed positive train control related counterclaims. | **GRANTED** The Court previously granted summary judgment on the Defendants' positive train control related counterclaims. [DE 114.] Contrary to Defendants' argument, there is nothing to suggest that the train operators should have been on some kind of heightened alert due to the absence of positive train control on either train. The train operators were required to operate the trains in the condition they were in on the day of the subject collision and thus evidence of positive train control is not relevant to issues surrounding the standard of care.<br><br>Any evidence regarding whether either train involved in the subject collision was equipped with positive train control would likely confuse the jury as to Norfolk Southern's duty. Given the anticipated arguments stated by Defendant Tobergte, allowing evidence of positive train control is likely to confuse or mislead the jury into thinking that Norfolk Southern should have equipped all its locomotives with positive train control. The evidence shall therefore be excluded from trial. |

| | | |
|---|---|---|
| **2**<br>*(DE 171 at 2–3)* | Norfolk Southern's motion to exclude evidence related to Defendants' dismissed training- and supervision-related counterclaims. | **GRANTED**<br>Evidence related to these dismissed counterclaims is irrelevant and is likely to confuse or mislead the jury as to Norfolk's duties and the issues to be decided at trial. If Norfolk Southern opens the door, Defendants may approach the bench and ask the Court to allow introduction of evidence related to Defendant Tobergte's training as a locomotive engineer. |
| **3**<br>*(DE 171 at 3)* | Norfolk Southern's motion to exclude evidence related to the Defendants' dismissed dispatch- and signal-system related counterclaims. | **GRANTED**<br>The Court has already dismissed Defendants' counterclaims to the extent that they assert Norfolk Southern's dispatch and signal systems malfunctioned or otherwise did not operate as expected. The Court therefore grants Norfolk Southern's motion. However, evidence relevant to what personnel on the subject trains saw or did not see is not excluded by this ruling. The Court notes that the parties agree that this ruling does not preclude introduction of evidence that the northbound signal changed to a stop signal after Train 175 violated its signal. |
| **4**<br>*(DE 171 at 4)* | Norfolk Southern's motion to exclude evidence related to Defendants' dismissed Locomotive Inspection Act counterclaims. | **DENIED AS MOOT**<br>Defendants do not intend to offer evidence or argument related to these dismissed counterclaims at trial. |
| **5**<br>*(DE 171 at 4–7)* | Norfolk Southern's motion to exclude use of any FRA Accident/Investigation Reports concerning the subject collision. | **DENIED AS MOOT**<br>Defendants state that they do not intend to offer such evidence. |

| | | |
|---|---|---|
| **6**<br>*(DE 171 at 7)* | Norfolk Southern's motion to exclude evidence relating to Defendant Tobergte's prior dismissal from employment based on a "STOP" signal violation. | **GRANTED** as to Defendant Tobergte's earlier employment dispute regarding a missed "STOP" signal. If Defendant Hall elects to explore Tobergte's familiarity with the signal in this case, he may explore the topic, but not in the context of any employment disciplinary actions. |
| **7**<br>*(DE 171 at 8)* | Norfolk Southern's motion to exclude evidence regarding allegations of OSHA violations. | **GRANTED** |
| **8**<br>*(DE 171 at 8–9)* | Norfolk Southern's motion to exclude evidence relating to Defendant Hall's abuse of process counterclaim. | The Court will reserve ruling on this motion pending resolution of the issues presented in its show cause order [DE 190]. |
| **9**<br>*(DE 171 at 9)* | Norfolk Southern's motion to exclude the testimony of Larry Mann. | **GRANTED**<br>Defendant Tobergte withdrew his objection at the pretrial conference, and all parties agree that this testimony should be excluded in light of the Court's ruling on Norfolk's first motion in limine regarding positive train control. |
| **10**<br>*(DE 171 at 10)* | Norfolk Southern's motion to exclude evidence related to Defendant Tobergte's testimony that no one from Norfolk Southern visited him in the hospital. | **GRANTED**<br>The evidence appears to be irrelevant. However, if Norfolk Southern opens the door or such evidence otherwise becomes relevant, the Defendants may approach the Court and ask for permission to introduce this evidence. |
| **11**<br>*(DE 171 at 10–11)* | Norfolk Southern's motion to exclude evidence related to Defendant Tobergte's reaction to any newspaper article regarding the instant lawsuit. | **DENIED AS MOOT**<br>Defendants have stated they do not intend to offer such evidence. |
| **12**<br>*(DE 171 at 11–12)* | Norfolk Southern's motion to exclude evidence related to Defendant Hall's reports to his psychiatrist that he is | The Court will reserve ruling on this motion pending the issues raised in its show cause order related to Defendant Hall's abuse of process claim. |

| | | |
|---|---|---|
| | concerned that Norfolk Southern is suing him. | As related to other claims, the Court does not find that this evidence is relevant to the emotional damages being sought by Defendant Hall. His FELA counterclaim centers on issues regarding Norfolk Southern's negligence and duty to provide a safe workplace, and the damages that flow from that would be damages that were caused by the subject collision, which in the case of emotional damages would be things such as trauma resulting from the collision.<br><br>But emotional distress experienced as a result of being sued is not relevant to the damages under his FELA counterclaim, because that emotional distress does not stem from the subject collision or any alleged negligence on Norfolk Southern's part. Rather, it flows from Norfolk Southern's act of filing the lawsuit, not its alleged negligence or the actual collision. |
| **13**<br>*(DE 171 at 12)* | Norfolk Southern's motion to exclude evidence related to other unrelated injuries or accidents. | **DENIED** as vague and overbroad. Norfolk Southern has not identified any specific accidents, injuries, or even types of accidents that should be excluded from evidence. Excluding broad categories of evidence is disfavored, so the Court will deny this motion and direct the parties to make contemporaneous objections at trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed.") |

| | | |
|---|---|---|
| **14**<br>*(DE 171 at 12–13)* | Norfolk Southern's motion to exclude evidence of Defendants' medical expenses. | **DENIED**<br>The parties agree that medical expenses paid by Norfolk Southern are inadmissible, and Defendants have stated that they do not intend to introduce such evidence. Norfolk Southern may make a contemporaneous objection at trial if it believes Defendants overstep their bounds regarding evidence of medical expenses. |
| **15**<br>*(DE 171 at 13–14)* | Norfolk Southern's motion to exclude evidence of the parties' financial circumstances. | **GRANTED IN PART** and **DENIED IN PART**<br>A party's ability to satisfy a judgment is irrelevant to the substantive issues in the parties' negligence claims. To the extent that evidence regarding any party's financial circumstance might be used to show ability or inability to pay a potential judgment, the motion is granted, and that evidence shall be excluded. However, the Court reserves ruling on the motion to the extent that it applies to Defendant Hall's abuse of process counterclaim.<br><br>Evidence of Defendants' earnings history shall be permitted to prove their loss of earnings and earning capacity. So to the extent that the motion seeks to exclude evidence of earnings history used to establish damages related to Defendants' FELA counterclaims, the motion is denied. |
| **16**<br>*(DE 171 at 14–15)* | Norfolk Southern's motion to exclude arguments that Defendants may recover because Norfolk Southern's negligence was a "but for" cause of their injuries. | **DENIED AS MOOT**<br>The parties have all stated they will follow precedent established by the United States Supreme Court regarding causation in a FELA action. |

| | | |
|---|---|---|
| **17** *(DE 171 at 15)* | Norfolk Southern's motion to prohibit comments or reference to persons in the courtroom who are not active participants or witnesses in the trial. | **DENIED** as premature. Defendants have stated they have no intention of making the kind of comments or references described in Norfolk Southern's motion, but as the Court and the parties do not know who will be present in the courtroom during trial, the motion is denied as premature and the parties may make contemporaneous objections at trial. |
| **18** *(DE 171 at 15)* | Norfolk Southern's motion to exclude evidence regarding Congress's intent in enacting the Federal Employers' Liability Act. | **GRANTED**, with the exception that such evidence is not excluded to the extent it is necessary for the Court to properly instruct the jury. |
| **19** *(DE 171 at 5)* | Norfolk Southern's motion to exclude evidence of the effect of employee injuries on Norfolk Southern's supervisors. | **DENIED** as vague and premature. |
| **20** *(DE 171 at 15–16)* | Norfolk Southern's motion to exclude arguments that it harasses, fires, or disciplines employees based upon the employee filing a lawsuit or sustaining an injury during the course of their employment. | **GRANTED** Defendants have stated they have no intention of making such arguments or introducing such evidence. |
| **21** *(DE 171 at 16–18)* | Norfolk Southern's motion to exclude argument or evidence that it should be punished. | **DENIED AS MOOT** Punitive damages are not permitted under a FELA claim, and Defendants have stated they do not intend to introduce such evidence or make such arguments. |

| | | |
|---|---|---|
| **22**<br>*(DE 171 at 18–19)* | Norfolk Southern's motion to exclude evidence regarding the impact of Defendants' injuries on their families. | **DENIED**<br>FELA does not permit the recovery of damages for loss of consortium or loss of services, and Defendants have stated they are not pursuing such damages. However, Defendants may demonstrate emotional and mental injuries that may arise from their inability to support or engage with family members. The motion is therefore denied, and parties may make contemporaneous objections at trial if necessary. |
| **23**<br>*(DE 171 at 19–21)* | Norfolk Southern's motion to exclude evidence from unqualified witnesses regarding medical causation. | **DENIED AS MOOT**<br>Defendants have stated they will follow the rules of evidence regarding expert testimony and the parties appear to be in agreement regarding which witnesses are qualified to give evidence regarding medical causation. |
| **24**<br>*(DE 171 at 21)* | Norfolk Southern's motion to exclude certain opinion evidence regarding credibility of witnesses. | **DENIED AS MOOT**<br>The Court expects the parties to adhere to the rules of evidence regarding opinion evidence and credibility of witnesses. |
| **25**<br>*(DE 171 at 21–22)* | Norfolk Southern's motion to exclude evidence concerning workers' compensation benefits or the exclusivity of Defendants' remedies pursuant to FELA. | **DENIED AS MOOT**<br>Defendants have stated that they do not intend to introduce such evidence. The Court will properly instruct the jury and make a proper inquiry during *voir dire* with respect to the scope of this case and the remedies that apply. |
| **26**<br>*(DE 171 at 22)* | Norfolk Southern's motion to exclude evidence of other lawsuits, grievances, or claims against Norfolk or its employees. | The Court reserves ruling on this motion. Such evidence may be relevant to Defendant Hall's abuse of process claim, but generally evidence of other litigation is rarely, if ever, relevant to the facts in a case. |

| | | |
|---|---|---|
| **27**<br>*(DE 171 at 22–23)* | Norfolk Southern's motion to exclude evidence or argument criticizing it for defending itself in this case, for not settling, or for not apologizing. | **GRANTED IN PART**<br>To the extent that it relates to Defendant Hall's abuse of process claim, the Court reserves ruling.<br><br>To the extent that the evidence relates to Defendants other counterclaims and defenses, the motion is granted. Norfolk Southern's decisions to sue or not sue are irrelevant to the factual issues to be resolved by the jury in this case. The issues relevant to this action relate to who was responsible for the subject collision, how much any responsible party is at fault, and what damages flowed from the collision. Norfolk Southern's decision to commence or refrain from litigation is irrelevant to those issues. |
| **28**<br>*(DE 171 at 23)* | Norfolk Southern's motion to exclude evidence that it or other railroads have "playbook" or common practice relating to denying compensation to injured employees. | **GRANTED**<br>The Defendants have stated they do not intend to offer such evidence. |
| **29**<br>*(DE 171 at 23)* | Norfolk Southern's motion to exclude evidence of insurance, self-insurance, or any other source of payment for a judgment against Norfolk Southern. | **GRANTED**<br>The Defendants have stated they do not intend to offer such evidence. However, evidence of Defendants fringe benefits that might be used to establish lost compensation is not excluded by this order. |
| **30**<br>*(DE 171 at 23–24)* | Norfolk Southern's motion to exclude certain evidence relating to future medical expenses unsupported by competent expert testimony. | **DENIED AS MOOT** |
| **31**<br>*(DE 171 at 24)* | Norfolk Southern's motion to exclude evidence misstating its duty to the Defendants. | **DENIED AS MOOT** |

| | Motion | Ruling |
|---|---|---|
| **32** *(DE 171 at 24–25)* | Norfolk Southern's motion to exclude "Golden Rule" arguments by Defendants. | **DENIED AS MOOT** |
| **33** *(DE 171 at 25–26)* | Norfolk Southern's motion to exclude evidence relating to its settlements with David Isaacs or Eric Gardner. | **GRANTED**, to the extent that Norfolk Southern asks the Court to require the parties to follow FRE 408. |

| **KEVIN TOBERGTE'S MOTIONS IN LIMINE [DE 138–142]** | | |
|---|---|---|
| | **Motion** | **Ruling** |
| **1** *(DE 138)* | Kevin Tobergte's motion to exclude evidence pertaining to collateral source benefits, including Railroad Retirement Benefits. | The Court reserves ruling on this motion to review the parties' arguments and the applicable case law. |
| **2** *(DE 139)* | Kevin Tobergte's motion to exclude evidence or argument regarding Norfolk Southern's "empowerment rule." | **DENIED** as premature. If Defendants believe that Norfolk Southern's evidence or argument during trial amount to an assumption of the risk defense, they may raise objections at that time. |
| **3** *(DE 140)* | Kevin Tobergte's motion to exclude evidence related to his alleged failure to mitigate his damages. | **DENIED** as premature. |
| **4** *(DE 141)* | Kevin Tobergte's motion to exclude evidence regarding personal opinions of Norfolk Southern employees. | **DENIED** as premature. Parties shall follow the rules of evidence regarding opinion evidence and credibility of witnesses. |
| **5** *(DE 142)* | Kevin Tobergte's motion to exclude testimony from witnesses that were not disclosed prior to the deadline for disclosing witnesses. | **DENIED** Defendant Tobergte seeks to exclude the testimony of two witnesses listed on Norfolk Southern's trial witness list [DE 173] because they were not disclosed prior to appearing on the witness list. The first, Eric Thomas, is a substitute for Christopher Shorts, who was the 30(b)(6) witness for Norfolk Southern to testify on |

|  |  | the value of salvaged equipment, locomotives, and railcars. Mr. Shorts is no longer with the company and Mr. Thomas has taken his place within the company. A witness designated to testify on behalf of an organization under FRCP 30(b)(6) is testifying about information that is known or reasonably available to the organization, not necessarily their personal knowledge. So long as the person is an appropriate designee under 30(b)(6) and can testify regarding the organization's knowledge, their personal identity does not seem relevant. A substituted designee, such as Mr. Thomas, is subject to cross examination and impeachment with the previous designee's deposition, which here would be that of Mr. Shorts. The Court therefore denies Defendant's motion as to Mr. Thomas. The second witness, Dustin Mashburn, is expected to testify in the place of Steven Cox regarding assessments of damage to equipment at the site of the collision. Norfolk Southern has stated it would prefer to use Mr. Mashburn because of potential scheduling conflicts that may arise for Mr. Cox. Mr. Mashburn was mentioned in depositions taken by Defendants and thus his testimony is not an undue surprise, so the Court also denies the motion as to Dustin Mashburn. |
|---|---|---|

| ANDY HALL'S MOTIONS IN LIMINE [DE 152] ||
|---|---|
| **Motion** | **Ruling** |
| **1** (DE 152 at 1–2) Andy Hall's motion to exclude evidence pertaining to collateral source benefits. | The Court reserves ruling on this motion to review the parties' arguments and the applicable case law. |
| **2** (DE 152 at 2) Andy Hall's motion to exclude evidence related to disciplinary charges or discipline that the railroad issued to him during his employment. | **DENIED AS MOOT** Norfolk Southern has stated it does not intend to introduce any such evidence. |
| **3** (DE 152 at 2) Andy Hall's motion to exclude evidence referencing his pending administrative claim against Norfolk Southern under the anti-retaliation provision of the Federal Railroad Safety Act. | **DENIED AS MOOT** Norfolk Southern has stated it does not intend to introduce any such evidence. |
| **4** (DE 152 at 2–3) Andy Hall's motion to prohibit reference to counsel being referred to as "union lawyers" or "union designated counsel." | **GRANTED** |

Dated February 23, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY