UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **Norfolk Southern Railway Company,**<br><br>Plaintiff,<br><br>v.<br><br>**Kevin Tobergte and Andy Hall,**<br><br>Defendants. | Civil No. 5:18-207-KKC<br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon its own motion. As part of its review of the parties' pretrial motions in limine, the Court reviewed Defendant Andy Hall's counterclaim for abuse of process. Plaintiff Norfolk Southern's motion in limine [DE 171 at 8–9] asked the Court to exclude "any evidence or argument relating to Defendant Hall's abuse of process [counter]claim." [*Id.* at 9.] Hall's response argued, among other things, that Norfolk Southern was attempting to use "a motion in limine to cloak an untimely motion for summary judgment . . . ." [DE 187 at 6.] The parties' arguments prompted the Court to inquire into the elements of abuse of process under Kentucky law, and the Court's review of the case law raised doubts regarding the viability of Hall's counterclaim. It appeared that even if all of Hall's allegations were true, they would be insufficient to support his claim. The Court acknowledges that it raised the issue close to the beginning of trial. However, the Court

was duty bound to raise the issue when its research raised doubts about the viability of Hall's counterclaim.

The presence of Hall's counterclaim had a material impact on the evidence that would have been presented to the jury at trial.[1] Much of that evidence would have been inadmissible if used to prove any of Hall's other claims or defenses and carried a substantial risk of prejudicing Norfolk Southern.[2] It was therefore incumbent upon the Court to inquire into the viability of the counterclaim before trial, rather than at another juncture after the jury had already heard potentially prejudicial and otherwise irrelevant evidence and argument.

## ANALYSIS

### I. Sua Sponte Dismissal

A federal district court "has a duty to make an inquiry *sua sponte* as to whether [a claim is] properly before [it]," *GBT P'ship v. City of Fargo*, Case No.: A3-00-50, 2001 U.S. Dist. LEXIS 20195, 2001 WL 1820144 at *1 (D.N.D. Nov. 27, 2001) and likewise "has *sua sponte*

---

[1] The admissibility of evidence at issue in Norfolk Southern's 8th, 12th, 15th, 26th, and 27th motions in limine all at least partially depended on the presence of Hall's abuse of process counterclaim. [*See* DE 171 at 8–9, 11–12, 13–14, 22, 22–23.]

[2] For example, Hall indicated that he would introduce evidence regarding "emotional distress that [he] has endured due to Norfolk Southern suing him for millions of dollars that it knows he cannot and will never be able to pay" [DE 187 at 9], "evidence regarding his financial condition" [DE 187 at 10], evidence that Norfolk is "seeking a judgment for millions of dollars in damages that the railroad knows and has always known he cannot pay and which will force him into bankruptcy" [DE 187 at 14–15], and "evidence regarding Norfolk Southern's vindictive motives in filing and prosecuting this lawsuit against him." [DE 187 at 15.] While evidence and argument to this effect *may* have been relevant to his abuse of process claim, it would otherwise be inadmissible. These arguments have no relevance to the negligence issues that are central to all other claims in this lawsuit, and would serve only to prejudice Norfolk Southern by injecting ideas regarding an imbalance of power or position that exists between a large corporation and an individual.

authority to examine the sufficiency of Plaintiff's allegations for each [claim] and may dismiss them if appropriate." *Gok v. Roman Catholic Church*, No. 20-4817, 2021 U.S. Dist. LEXIS 135188, 2021 WL 3054793 at *8 n.6 (E.D. Pa. July 20, 2021). With that authority, a district court may act *sua sponte* to dismiss a complaint for failure to state a claim under Rule 12(b)(6). *See Morrison v. Tomano*, 755 F.2d 515, 516–17 (6th Cir. 1985); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 3d § 1357 (West 2021).

In considering whether to dismiss a claim *sua sponte*, this Court "proceed[s] with great caution," *Boddie v. Am. Broad. Cos.*, 731 F.2d 333, 340 (6th Cir. 1984), because *sua sponte* dismissals risk the appearance of a judge acting as an advocate rather than an independent entity. *Tingler v. Marshall*, 716 F.2d 1109, 1111 (6th Cir. 1983) (quoting *Franklin v. Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981)). Before *sua sponte* dismissal for failure to state a claim, a court must give a claimant notice of the intended dismissal and a chance to respond to that notice. *Morrison*, 755 F.2d at 516. If the "face of a complaint plainly fails to state a claim for relief" after notice and an opportunity to respond has been given, "a district court has 'no discretion' but to dismiss it." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 657 (4th Cir. 2006) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)).

The Court gave Hall notice of its doubts about the viability of his abuse of process counterclaim in its show cause order that was issued on February 17, 2022. [DE 190.] In its order, the Court explained that Hall's complaint did not appear to allege any facts that would satisfy the

second element of abuse of process under Kentucky law. [DE 190 at 2–3.] Hall was given seven days to file a written response to the Court's intended dismissal, and he filed a timely response on February 24, 2022 [DE 206].[3] Having given Hall notice and opportunity to respond, the Court may consider whether his counterclaim for abuse of process should be dismissed for failure to state a claim.

## II.    Standard of Review

A pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations supporting a claim must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, the Rule 12(b)(6) standard requires that a plaintiff provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 422 (6th Cir. 2013) (quoting *Twombly*, 550 U.S. at 569). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

---

[3] In a pretrial telephone conference with the parties on February 25, 2022, the Court gave Hall another opportunity to respond, to give him the benefit of an extra day to conduct research on the issue. At the conference, Hall's counsel reiterated their arguments from the written response, but did not point to any additional authority that supported their argument. At that point, the Court stated it was disinclined to allow the abuse of process counterclaim to go forward, but would allow Hall's counsel to continue its research and attempt to find cases or other legal authority that might support his position. The Court then gave Hall another opportunity to respond at a pretrial hearing on February 28, 2022, and Hall's counsel did not present any additional argument or authority in response to the Court's show cause order.

In determining whether Hall has stated a plausible claim, the Court "accept[s] as true [his] factual allegations and draw[s] all reasonable inferences in his favor, but . . . disregard[s] any legal conclusions." *Rudd v. City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020) (citing *Doe v. Baum*, 903 F.3d 575, 580 (6th Cir. 2018)). Each claim must be supported by "direct or inferential [factual] allegations respecting all the material elements under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

### III.   Hall's Abuse of Process Counterclaim

Abuse of process is a tort recognized under Kentucky law and is comprised of two elements: "(1) an ulterior purpose and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Garcia v. Whitaker*, 400 S.W.3d 270, 276 (Ky. 2013) (quoting *Simpson v. Laytart*, 962 S.W.2d 392, 394 (Ky. 1998)). The "willful act" element typically takes the "form of coercion to obtain a collateral advantage." *Sprint Communs. Co., L.P. v. Leggett*, 307 S.W.3d 109, 117 (Ky. 2010) (citing *Simpson*, 962 at 395). It requires "[s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process." *Garcia*, 400 S.W.3d at 276 (quoting *Simpson*, 962 S.W.2d at 394). "[E]ven though a party acts with malevolent intentions, if he has done nothing more than carry out the legal process to its authorized conclusion an abuse of process claim will not lie." *George v. Lavit*, No. 2005-CA-002233-MR, 2006 Ky. App. Unpub. LEXIS 1042, at *6 (Ct. App. Nov. 9, 2006) (citing *Simpson*, 962 S.W.2d at 394–95).

Kentucky case law makes clear that the "willful act" at issue must be *unauthorized* or *improper* in the course of the legal process, and the collateral advantage being sought must be an improper one, not simply better bargaining or negotiating position. *See, e.g., Garcia v. Whitaker*, 400 S.W.3d 270, 277 (Ky. 2013) (finding a "willful act" where a complainant accompanied a deputy sheriff to arrest the defendant and the defendant was required to forfeit property that he lawfully held); *Sprint Commuc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 119 (Ky. 2010) (finding a "willful act" where a company overstated its authority to condemn property in an effort to induce a property owner to negotiate more generously over sale of an interest in land that the company had no power to acquire by legal process); *Simpson v. Laytart*, 962 S.W.2d 392, 395, (Ky. 1998) (holding there was no "willful act" where nearby residents appealed a planning commission's decision approving division of land with the purpose of preventing the land's sale and division); *Flynn v. Songyer*, 399 S.W.2d 491, 494 (Ky. 1966) (obtaining a warrant against an individual to coerce that individual to release a garnishment satisfies "willful act" element); *Stoll Oil Refining Co. v. Pierce*, 337 S.W.2d 263, 266 (Ky. 1960) (issuing a forcible detainer without the required bond to dispossess a tenant satisfies "willful act" element).

Here, Hall has not satisfied the "willful act" element of an abuse of process claim, because he has pled no facts indicating that Norfolk Southern took any sort of wrongful action that is improper in the regular course of the proceeding in order to gain a collateral advantage. The facts he has pled in support of his abuse of process claim do not show that Norfolk Southern committed any wrongful act or has sought to use

the legal process to obtain an advantage that is improper or that is unrelated to the litigation. Hall identifies a number of allegedly "ulterior or illegitimate" *motives* in pleading his counterclaim, but identifies no wrongful *act*.[4] [DE 23 at 11–14, ¶¶ 25–33, 40.] Indeed, the only act that Hall identifies in his counterclaim is Norfolk Southern's act of suing him.

In his response to the Court's show cause order, Hall states that Norfolk Southern "made clear that it will drop its . . . claim in exchange for [Hall] releasing his FELA counterclaim," and argues that this offer satisfies the willful act element.[5] [DE 206 at 8.] But a plaintiff's offer to drop its claims in exchange for a defendant releasing his counterclaims is an act that is obviously permitted in the course of litigation. Indeed, attempts to settle a lawsuit are encouraged in our judicial system. *Bradley v. Sebelius*, 621 F.3d 1330, 1339 (11th Cir. 2010) ("Historically, there is a strong public interest in the expeditious resolution of lawsuits through settlement. Throughout history, our law has encouraged settlements."). The act of making such an offer is not a "definite act or threat not authorized by the process," and attempting to settle a lawsuit is not "an objective not legitimate in the use of the process," *Garcia*, 400 S.W.3d at 276 (quoting *Simpson*, 962 S.W.2d at 394), and thus cannot

---

[4] In addition to his failure to meet the "willful act" element, Hall appears to also have failed to meet the "ulterior purpose" element. The purposes Hall ascribes to Norfolk Southern are simply a desire to improve its bargaining position in litigation or anticipated litigation. However, because the "willful act" element was the only apparent deficiency identified in its show cause orders, the Court confines its reasoning and analysis to that element in deciding whether his counterclaim should be dismissed.

[5] Hall did not actually include any allegation to this effect in his counterclaim, and he has asked the Court to allow him to amend his counterclaim to include it. [DE 206 at 8–9.] However, even if his counterclaim had included the allegation, his claim would still fail, as explained *infra*.

satisfy the "willful act" element of an abuse of process claim under Kentucky law. The fact that Norfolk Southern's claims were for millions of dollars does not make its lawsuit or offer to settle improper in any way. In litigation, one party will almost always be in a superior bargaining position and attempting to use that position to obtain a favorable outcome is not unauthorized or an illegitimate goal—it is the very nature of negotiation during litigation. If the Court were to accept Hall's position, any party that offers to settle a case by proposing both parties drop their claims would be subject to an abuse of process claim.

Hall cites *Kinslow v. Fifth Third Bank, Inc.* to support his argument that Norfolk Southern's offer satisfies the "willful act" element. 529 F. App'x 467 (6th Cir. 2013). In *Kinslow*, the Sixth Circuit stated that a party's allegation that "after [the bank] commenced the Ohio lawsuit, [the bank] offered to dismiss that case if the [cattle ranchers] would release all their claims against [the bank] . . . *theoretically might lend support* to the plaintiffs' abuse of process claim." *Id.* at 473 (emphasis added). However, the court in *Kinslow* did not decide whether that allegation actually would satisfy the "willful act" element, because the plaintiff in that case did not include the allegation in his complaint and did not seek leave to amend the complaint. *Id.*

The Sixth Circuit's statement in *Kinslow* that a party's offer to dismiss its claims in exchange for release of opposing claims "theoretically might lend support" to an abuse of process claim is hypothetical and equivocal dicta, and no Kentucky authority is cited in support of it. Further, it is an unpublished case and therefore not

binding on this Court, and the Court does not find *Kinslow* persuasive or helpful in this case. Neither the Court nor the parties have found any Kentucky authority to support the notion that an offer to drop claims in exchange for release of counterclaims is an abuse of the litigation process. [*See* DE 206 at 7; DE 212 at 3–4.]

Further, it does not comport with the well-established public policy in favor of settlements, where parties are encouraged to reach amicable solutions among themselves and to resolve disputes outside of the courtroom whenever possible. To hold settlement offers to be an abuse of the legal process would be contrary to fundamental principles of our legal system. Therefore, the Court will follow the clear precedent established by Kentucky courts and the sound public policy encouraging settlements.

## CONCLUSION

Accordingly, for the reasons stated in this opinion and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Count Three of Defendant Andy Hall's counterclaim [DE 23 at 14] is hereby **DISMISSED WITH PREJUDICE**.

Dated March 10, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY