# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
#### LEXINGTON

| | |
|---|---|
| **Norfolk Southern Railway Company,** | Civil No. 5:18-207-KKC-MAS |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| **Kevin Tobergte and Andy Hall,** | |
| Defendants. | |

** ** ** ** **

This matter is before the Court on Defendants/Counter Claimants Andy Hall and Kevin Tobergte's Joint Motion to Dismiss and/or Strike Count II of the First Amended Complaint and Motion for Costs (DE 121) and Plaintiff/Counter Defendant Norfolk Southern Railway Company's Motion to Dismiss and/or Strike Count Two of Defendants' Counterclaims, to Strike Allegations Contained in Defendants' Counterclaims, and Motion for Costs (DE 124). For the following reasons, both motions will be granted in part and denied in part.

## BACKGROUND

On March 18, 2018, Plaintiff Norfolk Southern Railway Company's southbound train 175 collided with its northbound train M74 in Georgetown, Kentucky, causing extensive damage to the locomotives, rail cars, and other property. (DE 1 ¶¶ 614.) Defendant Kevin Tobergte was the locomotive engineer on Train 175, and Defendant Andy Hall was Train 175's conductor. (DE 1 ¶¶ 7-8.)

On April 5, 2018, Plaintiff filed a complaint in this Court, seeking "Indemnity for Third Party Property Damage" in Count II. (DE 1.) In response, Defendants each

filed answers, which included counterclaims against Norfolk Southern. (DE 22; DE 23.)

### Count II of Plaintiff's Amended Complaint

Much has been written about the parties' amended pleadings.  The problem began during discovery when Plaintiff Norfolk Southern Railway Company unambiguously waived its claims for payments to third parties related to this lawsuit in answers to interrogatories.[1] (DE 52-2 at 6.) After confirming the waiver by letter, Defendant Andy Hall requested that Norfolk Southern amend its complaint consistent with the responses to interrogatories. (DE 52 at 4.) Norfolk did not seek to amend its complaint until about a year later on May 1, 2020, when it asked this Court for permission to "clarify the nature of the damages sought in this action." (DE 77 at 2.)

The proposed amended complaint submitted to the Court no longer included the claims for damage to "property of adjacent land owners" or "damages to [Norfolk]'s customers . . . associated with delayed shipment of freight," and instead included an additional claim for damages from "settlements to third party owners of rail equipment damaged or destroyed" in the collision.  (DE 103-1 at 5.) On February 4, 2021, the Court denied Norfolk's leave to amend to include a claim for damages to third-party rail equipment. The Court rejected the proposed amended complaint

---

[1]   Defendant Hall's Interrogatory No. 19 read: "For each payment that the Plaintiff has made to a third party relating to property damage sustained in the collision, state the name and address of the person(s) issuing and approving such payment, payee, the form of the payment, the date of the payment, the amount of the payment and the specific property and damage giving rise to the payment." (DE 52-2 at 6.) On July 19, 2019, Plaintiff responded to Defendant Hall's Interrogatory No. 19 with the following: "Norfolk Southern will waive any claim to collection of Third Party Settlements as part of their suit against defendants." (DE 52-2 at 6.) In follow up, counsel for Defendant Hall requested that Plaintiff either respond in substance to Interrogatory No. 19 or amend the complaint to reflect the waiver. (DE 52 at 4.) Plaintiff's counsel responded on August 27, 2019, stating that Plaintiff "will waive any claim for collection of payments to third parties in connection with this action" and that "because Norfolk Southern has stated in its written response to Interrogatory No. 19 that it expressly waives any claim for the collection of such payments in connection with this action, Norfolk Southern's response to Interrogatory No. 19 is complete." (DE 52 at 4.)

because the original complaint had not included a general indemnity claim, and thus Norfolk could not add this new claim for indemnity because good cause was not shown for expanding claims so long after the deadline set by the Court's scheduling. (DE 114 32–33.) Nevertheless, the Court granted Norfolk leave to amend its complaint in order to drop claims for third-party adjacent landowners and customers, consistent with its earlier waiver during discovery. (DE 114 at 32–33.)

When Norfolk filed its First Amended Complaint on May 24, 2021, it inexplicably included an expanded general claim for indemnity for third-party damages. (DE 117 at 4.) In response to Norfolk's amended complaint, Defendants filed a joint motion asking the Court to dismiss or strike Count II of the First Amended Complaint, and for costs associated with filing their motion. (DE 121.)

In short, Norfolk Southern waived the claims it had made in its original complaint for indemnity for payments to third-party landowners and customers, then sought leave to amend its complaint and expand its claim to a general claim for indemnity to third parties. After holding that Norfolk could not broaden its claim to one of general indemnity, the Court directed Norfolk to amend its complaint to reflect the waiver it had made during discovery. Instead, in contravention of this Court's order, Norfolk filed an amended complaint that made an expanded general claim for indemnity.

### *Defendants' Dismissed Counterclaims and Answers to the Amended Complaint*

In response to Norfolk Southern's First Amended Complaint (DE 117), Defendants filed answers. (DE 119; DE 122.) In each of their answers, Defendants incorporated by reference the counterclaims from their initial answers (DE 119 at 5; DE 122 at 7.)

Plaintiff has filed a motion to dismiss and/or certain portions of Defendants' counterclaims, to strike certain allegations contained in the counterclaims, and for costs, which is currently before the Court (DE 124). In its motion, Norfolk argues Defendants' answers to the amended complaint "contain causes of action and allegations . . . which this Court previously dismissed" (DE 124 at 3) because it incorporates by reference the Defendants' original counterclaims, some of which were dismissed in the Court's February 2021 Order (DE 114). Norfolk further seeks payment of costs and other sanctions that the Court may find appropriate, contending that Defendant "ignored" the Court's February 2021 Order and required Plaintiff to prepare its motion. (DE 124 at 5.)

## ANALYSIS

## I.   Norfolk Southern's Amended Complaint

Defendants' have asked the Court to dismiss or strike Count II of Plaintiff's First Amended Complaint (DE 117) pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). In the Sixth Circuit, courts have stricken an amended complaint where the amendments exceeded court's grant of leave to amend. *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 362 (S.D. Ohio 2012) (striking new allegations and claims that exceeded court's grant of leave to amend); *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908, 912 (N.D. Ohio 2009) (striking new causes of action that exceeded court's grant of leave to amend); *see also Urioste v. Corizon*, No. 1:16-CV-00755-JCH-KRS, 2021 WL 1811694, at *7 (D.N.M. May 6, 2021) ("Federal courts will regularly strike allegations, claims, and even entire amended pleadings under Federal Rule of Civil Procedure 12(f) where that material exceeds the scope of an amendment permitted by the court.") (collecting cases).

The amended complaint filed by Norfolk Southern plainly does not comport with this Court's order and grant of leave to amend. The scope of leave granted by the Court was clear: Norfolk was permitted to amend the complaint to omit its claims that it had waived during discovery, as the Norfolk had asked to do. (DE 114 at 34.) Further, the Court expressly prohibited Norfolk from adding a new indemnity claim for settlements paid to third-party owners of damaged rail equipment. (DE 114 at 34.)

The Court's holding and reasoning were also clear: in Count II of the initial complaint, "Plaintiff only specifically sought indemnity for liability for damages paid to adjacent landowners and customers" and "*did not include a general claim for indemnity for payments made to third parties*." (DE 114 at 30 (internal quotations omitted) (emphasis added).) The Court held that the initial complaint did not include a general indemnity claim for payments to third parties, but a specific one for indemnity for amounts paid to adjacent landowners and customers. Norfolk Southern's request for leave to amend came over a year after the deadline for filing amended pleadings, and the Court clearly explained why Norfolk had not demonstrated good cause to add a new claim in an amended complaint. (*See* DE 114 at 27–33.)

Nevertheless, Norfolk Southern's amended complaint contains a general indemnity claim for liability to third parties. In paragraphs 18 and 19 of the amended complaint, Norfolk states that "[a]s a direct and proximate result of the Defendants' negligence, third parties sustained significant damages" and that "[t]o the extent Plaintiff has been or can be liable to third parties for the above described damage . . . Plaintiff is entitled to indemnity against the Defendants . . . ." (DE 117 at 4.) And in its prayer for relief, Norfolk asks the Court to "award[] indemnity for all such sums as paid or may be payable to third parties." (DE 117 at 4.) This clearly exceeds the scope of leave that the Court granted Norfolk Southern to amend its

complaint and disregards this Court's holding that Norfolk had not pled a general claim for indemnity. Norfolk was given leave only to omit claims that it had previously waived, and was expressly prohibited from adding new indemnity claims.

Norfolk Southern's defense of its amended complaint is unavailing. Norfolk contends that the Court's order did not expressly or specifically require it to omit Count II entirely, and thus it merely made changes to the language of the claim in order to preserve a claim for "Indemnity for Third Party Property Damage," as the count is titled. (DE 128 at 14–15.) While the Court may not have expressly ordered Count II be omitted, that does not excuse Plaintiff from making changes to the language that amount to a general indemnity claim. Contrary to Norfolk's contention, the Court did not instruct it to remove any "specific language" in its amended complaint. (DE 128 at 12.) Rather, the Court ordered Norfolk to file an amended complaint that omitted certain *claims*. (DE 114 at 34.) The Court gave no instructions regarding the language Norfolk was to use in order to omit those claims, and simply eliminating the words "adjacent land owners" and "customers" and replacing them with "third parties" does not do so. Norfolk's argument that it merely mechanically eliminated and replaced certain words without regard to their substance and meaning is unconvincing, because Norfolk acknowledges the intent of its amendment was to state a general claim for indemnity for liability to third parties in order to preserve the cause of action for appeal.[2] (*See* DE 128 at 14.)

The Court granted Norfolk leave to amend its complaint to drop the indemnity claims that Norfolk asked to drop—indemnity claims for payments to adjacent

---

[2] Norfolk states that while it "respects the Court's decision" that the "initial Complaint did not contain a general claim to recover all payments [Plaintiff] has made to third parties as a result of the subject collision," it nevertheless "respectfully disagrees" with that determination, and "in order to preserve the issue for appeal, [Plaintiff] intends to request the Court permit it to submit an offer of proof regarding these payments outside the presence of the jury." (DE 128 at 14.) The Court believes this argument is misplaced, because if Plaintiff disagrees with the Court's construction of the initial complaint, its February 4, 2021 Order and Opinion (DE 114) provides the adverse ruling necessary to provide the right to appeal. If Plaintiff disagrees with the Court's ruling, it can appeal that order, and was not required to amend its complaint in violation of the Court's directive.

landowners and customers under Count II—and prohibited it from adding any new indemnity claims. The Court also held that Count II of the initial complaint only "sought indemnity for liability for damages paid to adjacent landowners and customers." (DE 114 at 30.) Although not expressly stated, the only logical directive was that Norfolk was required to drop its indemnity claim that had been asserted in Count II.  The Court will therefore grant Defendants' motion in part and strike Norfolk's amended complaint.

## II.   Defendants' Answers and Counterclaims in Response to the Norfolk Southern's Amended Complaint

In their answers to the Norfolk Southern's First Amended Complaint, Defendants incorporate by reference the counterclaims that were included in their initial answers. (DE 119 at 5; DE 122 at 7.) Norfolk Southern argues that this incorporation by reference violates the Court's February 4, 2021, Order (DE 114), which dismissed certain of Defendants' counterclaims. Pursuant to Rule 12(f), Norfolk now asks the Court to strike those dismissed claims from the answers to the First Amended Complaint. Norfolk also seeks payment of costs against the Defendant, arguing it was forced to prepare its motion to strike only because Defendant violated the Court's order. (DE 124 at 5.) In response, Defendants assert that it was necessary to incorporate their original counterclaims by reference because (1) some courts have held that counterclaims are waived or abandoned if not repled when answering amended complaints; (2) Defendants could not amend their counterclaims without leave of the Court; and (3) removing the portions of their counterclaims on which the Court granted summary judgment could jeopardize the Defendants' rights to appeal those rulings.

Defendants correctly state that "[c]ourts are divided on the question of whether the Federal Rules of Civil Procedure require a party to replead a counterclaim in response to an amended complaint." (DE 127 at 2.) Within the Sixth Circuit, the issue

is not settled. *See Artisan Estate Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2021 WL 1964476, at *2 (S.D. Ohio May 17, 2021) ("[C]ourts are divided on whether the Federal Rules of Civil Procedure require a party to replead a counterclaim to an amended complaint, or the counterclaim is otherwise abandoned."); *see also Hemlock Semiconductor Corp. v. Kyocera Corp.*, No. 15-cv-11236, 2016 WL 3254552, at *2 (E.D. Mich. June 14, 2016) (citing *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 618 (6th Cir. 2014)) ("[U]nder Sixth Circuit law, a party does not need to replead the dismissed claims to preserve them for appeal, as the order dismissing the counterclaims preserves them for appeal."). And courts have employed varying approaches to the question of whether leave must be sought to file an amended counterclaim in response to an amended complaint. *See Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-CV-2104-JTF-TMP, 2020 WL 7332846, at *3 (W.D. Tenn. June 23, 2020), *report and recommendation adopted*, No. 218CV02104JTFTMP, 2020 WL 6694299 (W.D. Tenn. Nov. 13, 2020) (collecting cases).

Here, Defendants do not appear to oppose Norfolk Southern's motion to strike, but rather only appear concerned with proper preservation of the issues for appeal and Norfolk's request for costs and sanctions. In the Sixth Circuit, courts have adopted varying approaches to the decide whether a party should replead counterclaims in response to an amended complaint, but the consensus appears to be that repleading is not always necessary. *E.g., Mathews v. Ohio Pub. Emps. Ret. Sys.*, No. 2:12-CV-1033, 2014 WL 4748472, at *4 (S.D. Ohio Sept. 23, 2014) (permitting a counterclaim to proceed even though the defendant had not repled the claim in response to an amended complaint).

The Court finds the opinion of the *Hemlock* court persuasive, and holds that under Sixth Circuit law, a party does not need to replead dismissed counterclaims in order to preserve them for appeal. *Hemlock Semiconductor Corp.*, 2016 WL 3254552,

at *2 (citing *Hayward*, 759 F.3d at 618). Therefore, the inclusion of counterclaims that have been dismissed in Defendants' answers to the amended complaint is redundant, and they will be stricken.

## III.   Motions for Costs and Sanctions

In their motion to strike, Defendants seek payment of costs and other sanctions as the Court deems appropriate against Plaintiff. (DE 121 at 7.) Likewise, Norfolk Southern seeks payment of costs and other sanctions against the Defendants. (DE 124 at 5.) Both sides claim that the other violated this Court's February 2021 Order, and that but for those alleged violations, they would not have had to file their instant motions to strike.

Rule 11(c)(2) requires a motion for sanctions be made as a separate motion, which is to be served under Rule 5, but not filed if the challenged filing is withdrawn or corrected within 21 days after service. Fed. R. Civ. Proc. 11(c)(2). Both sides' motions ask the Court to impose monetary sanctions upon the opposing side in the form of costs incurred for the motion, but neither side filed separate motions as required by Rule 11. Rather, they simply included their request for monetary sanctions within their motions to strike the other side's pleadings. Because both Defendants and Plaintiff filed combined motions, the motions for sanctions cannot be granted and will be dismissed without prejudice. *Id.*; *Myers v. Anthem Life Ins. Co.*, 316 F.R.D. 186, 213 (W.D. Ky. 2016).

A court may order sanctions on its own initiative, but it must first order the offending "party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. Proc. 11(c)(3). Here, the Court declines to do so as to any party.

## CONCLUSION

For the reasons stated in this opinion, the Court hereby **ORDERS** as follows:

1. Defendants/Counterclaimants Andy Hall and Kevin Tobergte's Joint Motion to Dismiss and/or Strike Count II of the First Amended Complaint and Motion for Costs (DE 121) is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** the motion to the extent that it asks the Court to strike Plaintiff's First Amended Complaint. The Court **DENIES** the motion to the extent it asks the Court to dismiss Plaintiff's First Amended Complaint. However, the motion for sanctions is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's First Amended Complaint (DE 117) is hereby **STRICKEN**.

3. Plaintiff Norfolk Southern Railway Company's Motion to Dismiss and/or Strike Count Two of Defendants' Counterclaims, to Strike Allegations Contained in Defendants' Counterclaims, and Motion for Costs (DE 124) is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** the motion to the extent that it asks the Court to strike Defendants' answers to Plaintiff's First Amended Complaint. The Court **DENIES** the motion to the extent it asks the Court to dismiss Defendants' answers. However, the motion for sanctions is **DISMISSED WITHOUT PREJUDICE**.

4. Defendant Kevin Tobergte's Answer to Plaintiff's First Amended Complaint and Counterclaim (DE 119) and Defendant Andy Hall's Answer to First Amended Complaint, Counterclaim, and Jury Demand (DE 122) are hereby **STRICKEN**.

Dated March 11, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY